1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.A., *a minor*,<br><br>        Plaintiff,<br><br>        v.<br><br>Clinica Sierra Vista, *et al.*,<br><br>        Defendants. | Case No.  1:21-cv-01105-NONE-EPG<br><br><br>ORDER DENYING PETITION TO APPOINT GUARDIAN AD LITEM WITHOUT PREJUDICE<br><br>(ECF No. 3) |

On July 20, 2021, Plaintiff K.A., a minor, through counsel, filed this action under the Federal Tort Claims Act, California statutory law, and California common law. (ECF No. 2). Currently before the Court is Plaintiff's petition to appoint her mother, Mayra P., as her guardian ad litem. (ECF No. 3). Because the petition does not comply with Local Rule 202, the Court will deny it without prejudice.

**I.        LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or

1

incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. *See* Fed. R. Civ. P. 17(c).

. . .

(c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202. The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

## II.  DISCUSSION

The petition states that Plaintiff K.A. is eight years old and a minor. (ECF No. 3). K.A. has no general guardian and no previous petition for appointment of a guardian ad litem has been filed in this matter. The proposed guardian ad litem, Mayra P., "is a responsible person and fully competent to understand and protect the rights of the minor. She has no interest adverse to that of K.A. and is willing to serve as Guardian ad Litem for the minor." (*Id.* at 2).

The petition does not comply with Local Rule 202(c). Although Plaintiff K.A. has appeared through counsel in this matter, the petition does not disclose the terms under which the attorney was employed; whether the attorney became involved at the insistence of any of the Defendants, directly or indirectly; whether the attorney stands in any relationship to Defendants; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. L.R. 202(c). The Court will therefore deny the petition without prejudice to filing a motion that complies with Local Rule 202. *See* L.R. 202(a) (providing for the filing of a "motion," not a petition, for the appointment of a guardian ad litem).

///

### III.     CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's petition to appoint Mayra P. as guardian ad litem (ECF No. 3) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **July 22, 2021**                         /s/ _Erica P. Grosjean_
                                                                UNITED STATES MAGISTRATE JUDGE