UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.A., *a minor*,<br><br>   Plaintiff,<br><br>   v.<br><br>Clinica Sierra Vista, *et al.*,<br><br>   Defendants. | Case No.  1:21-cv-01105-NONE-EPG<br><br>ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM<br><br>(ECF No. 7) |

   On July 20, 2021, Plaintiff K.A., a minor, through counsel, filed this action under the Federal Tort Claims Act, California statutory law, and California common law. (ECF No. 2). Currently before the Court is Plaintiff's motion to appoint her mother, Mayra P., as her guardian ad litem. (ECF No. 7). For the following reasons, the Court will grant the motion.

   **I.     SUMMARY OF THE MOTION**

   The motion states that Plaintiff K.A. is eight years old and a minor. (ECF No. 7, p. 1). K.A. has no general guardian. The proposed guardian ad litem is Plaintiff's mother, Mayra P., who "is a responsible person and fully competent to understand and protect the rights of the minor. She has no interest adverse to that of K.A. and is willing to serve as *Guardian ad Litem* for the minor." (*Id.* at 2).

   Micha Star Liberty is counsel for Plaintiff. The motion states the following regarding the

1

attorney-client representation arrangement:

> Plaintiff engaged Liberty Law Office, Inc. ("Plaintiff's counsel") as her counsel in this matter under the terms of a contingency retainer agreement. Plaintiff's counsel did not become involved in this matter at the instance of any defendant in this matter, directly or indirectly. Plaintiff's counsel has no relationship of any kind with any defendant in this matter. Plaintiff's counsel has not received any compensation from anyone in this matter. Plaintiff's counsel does not expect to receive any compensation from anyone in this matter other than attorneys' fees and costs after a favorable verdict or settlement.

(*Id.*).

## II.     LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>
> . . .
>
> (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986). Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000); *Doe v. Heck*, 327 F.3d 492, 521 (7th Cir. 2003). Generally, there is no inherent conflict of interest when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child. *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001); *see also Brown v. Alexander*, 2015 WL 7350183 at *2 (N.D. Cal. Nov. 20, 2015) ("In general, a parent

who is also a party to the lawsuit is presumed to be a suitable guardian ad litem, and so the court often appoints the parent as guardian ad litem upon receipt of an ex parte application without exercising much discretion.") (citation omitted).

### III.    DISCUSSION

Plaintiff is a minor and lacks capacity to sue under California law. Therefore, appointment of a guardian ad litem is necessary and appropriate. The motion complies with Local Rule 202(c)'s requirements for disclosure of the attorney's interests. There does not appear to be any conflict of interest between Plaintiff and the proposed guardian ad litem. Additionally, as Plaintiff's mother, Mayra P., is presumed to act in the minor plaintiff's best interests and there is nothing to undermine that presumption. The Court will follow the general presumption and allow Plaintiff's parent to act as guardian ad litem.

### IV.    CONCLUSION AND ORDER

For the foregoing reasons, it is HEREBY ORDERED that Plaintiff's motion to appoint Mayra P. as guardian ad litem (ECF No. 7) is GRANTED. Mayra P. shall serve as guardian ad litem for Plaintiff in this action.
IT IS SO ORDERED.

Dated:   **July 26, 2021**                        /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE

3